**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CONRAD M. BLACK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 1:12-cv-4306 |
| v. | ) | |
| | ) | Original Crim. Case No. 05 CR 727 |
| UNITED STATES, | ) | Judge: AMY ST. EVE |
| | ) | |
| Respondent. | ) | |

**MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. § 2255 OR, IN THE ALTERNATIVE,
FOR A WRIT OF ERROR CORAM NOBIS**

COMES NOW the Petitioner herein, Conrad M. Black, by and through the undersigned counsel, upon the Affidavit of Brendan V. Sullivan, Jr., sworn to December 19, 2008, the Affidavit of Gregory B. Craig, sworn to December 29, 2008, the Affidavit of Marc D. Powers and accompanying Exhibits, sworn to May 31, 2012, and the attached Memorandum of Law, and moves this Honorable Court to vacate, set aside or correct the sentence heretofore imposed by this Court against the Petitioner pursuant to 28 U.S.C. § 2255, or, in the alternative, petitions this Court to issue a writ of error *coram nobis* vacating the Petitioner's conviction pursuant to the All Writs Act, 18 U.S.C. § 1651(a). Mr. Black's conviction and sentence are constitutionally-unsound due to clear and uncontroverted violations of his rights under the Fourth, Fifth, and Sixth Amendments to the U.S. Constitution, all of which occurred prior to his criminal trial and which have rendered those proceedings invalid.

As fully set forth in the accompanying affidavits and memorandum of law, representatives of the U.S. Government intentionally deprived Mr. Black of counsel of his choice through a pattern of unconstitutional activity. By means of a defective affidavit in support of a

seizure warrant, agents of the Federal Bureau of Investigation and members of the United States Attorney's Office in October 2005 improperly seized certain of Mr. Black's funds in violation of the Fourth Amendment. As these Government actors were well aware at the time of the seizure, those funds were earmarked by Mr. Black to hire the counsel of his choice to defend him in impending criminal proceedings before this Court. Knowing Mr. Black's intentions for those funds, the Government then contrived to deny Mr. Black any pre-trial review or relief regarding their seizure by knowingly filing an indictment against him with unsupported counts, including forfeiture counts, in violation of his Fifth Amendment due process rights. These forfeiture counts had the intended effect of depriving Mr. Black of his day in court on the propriety of the seizure, as any determination of the Government's probable cause for seizing his funds was postponed until after the close of his trial, thereby deliberately denying Mr. Black access to his legitimately-held funds and his ability to hire counsel of his choice.

Mr. Black was forced to proceed at trial without his chosen counsel, where he was acquitted on each of the counts related to the seizure of the funds that he had intended to use to pay them. The seized funds were returned to him, but the damage was done: the Petitioner was prevented from retaining counsel of choice, as was guaranteed to him under the Sixth Amendment, and prevented from any pretrial review of the same by the Government's deliberate – and wrongful – conduct. The measures taken by the Government to deprive Mr. Black of his property, and thereby his counsel of choice, have rendered his criminal conviction invalid under *United States v. Gonzalez-Lopez,* 548 U.S. 140, 146 (2006), and *United States v. Stein,* 541 F.3d 130, 157 (2d Cir. 2008). Mr. Black continues to suffer from serious hardships and legal disabilities due to his conviction, and in the interests of justice this conviction must be vacated.

- 3 -

WHEREFORE, in consideration of the foregoing, as well as the Affidavits, Exhibits, and arguments of law contained in the Memorandum of Law filed herewith, the Petitioner respectfully prays that this Court issue an Order pursuant to 28 U.S.C. § 2255 or, in the alternative, for a writ of error *coram nobis* to issue, vacating the conviction and sentence previously imposed based upon violations of Mr. Black's constitutional rights. Petitioner also requests that the indictment against him be dismissed in its entirety. Further, Petitioner requests that this Court cause notice of this Motion to be served upon Respondent and, if these papers are not sufficient to determine the issues herein, to hold a prompt hearing hereon at which the Government may offer explanations, if there are any, for their conduct based on facts not known to Petitioner, and for such other relief as this Court deems necessary.

Dated: June 4, 2012

Respectfully submitted,
CONRAD M. BLACK

By: /s/William K. Kane
    One of His Attorneys

Attorneys for Petitioner

William K. Kane
Baker & Hostetler LLP
191 North Wacker Drive, Suite 3100
Chicago, Illinois 60606-1901
Telephone: (312) 416-6200
Facsimile: (312) 416-6201
wkane@bakerlaw.com

Marc D. Powers
John W. Moscow
(*Admissions for Pro Hac Vice pending*)
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201