## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

----------------------------------------------------------X

CONRAD M. BLACK,

                Petitioner,                    Case No. 1:12-cv-4306

      v.                                          Judge: AMY J. ST. EVE

WARDEN MARY M. MITCHELL, FCI        **AFFIDAVIT OF BRENDAN V.**
COLEMAN-LOW,                                    **SULLIVAN, JR.**

                Respondent.

----------------------------------------------------------X

DISTRICT OF COLUMBIA ) ss:

Brendan V. Sullivan, Jr., being duly sworn, deposes and says:

1. I am a senior partner with the law firm of Williams & Connolly LLP ("W&C"). I am admitted to practice before the following courts: United States Supreme Court; United States Courts of Appeals for the District of Columbia, and the Second, Third, Fourth, Sixth, Ninth and Federal Circuits; United States District Courts for the District of Columbia and Maryland; United States Court of Federal Claims; the District of Columbia; and Rhode Island.

2. I submit this affidavit in anticipation of a habeas corpus proceeding or motion by Petitioner, Mr. Conrad M. Black, a former client of my law firm.

3. I and my law firm Williams & Connolly LLP have represented defendants charged in criminal matters, including white collar criminal matters, for over 35 years. Many of my cases have involved major federal investigations and prosecutions of corporations and their senior executives; these cases have involved a wide range of industries, such as defense,

healthcare, food production and distribution, agriculture, finance, securities, banking, and manufacturing.

4. I have nearly forty years of litigation experience in federal and state courts throughout the country. My principal areas of practice include complex commercial litigation, including securities, antitrust, banking, RICO, and license disputes; the defense of major law firms in malpractice cases and the defense of accounting firms; products liability and mass tort; will contests; as well as the criminal defense work mentioned previously. A number of my clients have included Fortune 500 companies involved in criminal investigations, litigation, or government regulatory matters.

5. In March of 2004, W&C was retained for the purpose of pre-indictment representation of the Petitioner, Mr. Conrad M. Black. The retainer agreement reached between W&C and Mr. Black at that time was limited in scope to pre-indictment representation alone and specified that a separate agreement and retainer would be necessary in the event Mr. Black wished to engage W&C in connection with the defense of criminal charges.

6. In connection with the pre-indictment representation of Mr. Black, Mr. Gregory B. Craig, one of my colleagues and a fellow partner at W&C, and I traveled to the Northern District of Illinois to meet with representatives of the federal government. The purpose of the meeting was to confirm Mr. Black's status in the criminal proceeding and to attempt to dissuade the Government from issuing an indictment against him.

7. On June 7, 2005, Mr. Craig and I met with Assistant United States Attorneys Sussman and Kent and a third person at the U.S. Attorney's Office for the Northern District of Illinois. At this meeting, the Assistant U.S. Attorneys indicated that Mr. Black was a "subject"

of their investigation and asked whether Mr. Black would accept jurisdiction of the Court if charged with a crime. The AUSAs also asked whether W&C would accept service of subpoenas relating to their investigation. I stated that I did not believe that Mr. Black would attempt to evade the jurisdiction of the Northern District of Illinois, but that I would need to put the government's request to him and get back to them with his response. W&C also agreed to accept service of subpoenas on behalf of Mr. Black but reserved the right to raise objections as to the contents of any subpoenas.

8. On August 18, 2005, Mr. Black's former colleague, David Radler, and others were charged in a seven-count indictment for their activities relating to Hollinger, Inc. Mr. Black was not indicted at this time.

9. I recall generally discussing what retainer W&C would require for post-indictment representation with Mr. Black on one or more occasions before Mr. Black was indicted. I told Mr. Black that W&C would require a retainer at a minimum of between $5 and $10 million if he wished W&C to defend him against any criminal charges. Mr. Black indicated he wished to retain W&C for this purpose, in the event he was indicted.

10. On October 6, 2005, two seizure warrants were issued by the Northern District of Illinois at the request of the FBI and U.S. Attorney's Office there.

11. Following the seizure of the proceeds of Mr. Black's apartment sale, my colleagues and I met to discuss our response to this action. On October 19, 2005, W&C filed an administrative claim with the FBI for the return of the seized funds. The FBI sent a notice of receipt of the administrative claim, dated October 21, 2005. The notice acknowledging the receipt of the claim informed us that the matter had been referred to the U.S. Attorney's Office

for the Northern District of Illinois. W&C did not receive further communications from the Bureau on this matter.

12. On October 28, 2005, W&C and local counsel filed a Motion for the Return of Seized Property in the United States District Court for the Northern District of Illinois. Mr. Black filed a supplemental memorandum in the same action on November 4, 2005.

13. On November 17, 2005, the Grand Jury returned an indictment against Mr. Black. In connection with the indictment, the Government moved for a Protective Order seeking the forfeiture of $32 million, in addition to the two checks representing the proceeds of the apartment sale that had been seized at the time of the closing.

14. W&C was not retained to represent Mr. Black in connection with his criminal defense. It is my understanding that, without access to the proceeds of the apartment sale, Mr. Black did not have adequate liquid funds to pay for the retainer we had discussed in connection with post-indictment representation.

BRENDAN V. SULLIVAN, JR.

Sworn to before me this 19th day of December, 2008.

_____
Notary Public

Sarah L. Dufendach
Notary Public District of Columbia
My Commission Expires 10/31/2013